Irene L. KENNY

v.

Barry WEPMAN, M.D.

No. 99–556–Appeal.

Supreme Court of Rhode Island.

June 19, 2000.

Robert E. Craven, Peter Leach, Providence, for Plaintiff.

David W. Carroll, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM.

The defendant, Barry Wepman, M.D., has appealed from the order granting a motion for a new trial made by the plaintiff, Irene L. Kenny. This case came before the Supreme Court on May 8, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not be summarily decided. After hearing the arguments of counsel for the parties and examining their memoranda, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

The defendant served as plaintiff's treating ophthalmologist for many years. At plaintiff's annual checkup in June 1995, defendant suggested that she have surgery to remove a cataract in her left eye. On August 24, 1995, defendant performed the operation, during which a complication arose when a portion of the nucleus of the eye dislodged into the vitreous area of the eye. The defendant was unsuccessful in his attempts to remove the nuclear debris, and plaintiff lost all vision in her left eye after the operation.[1]

The plaintiff filed the instant medical malpractice action on February 3, 1997. The plaintiff's complaint alleged that defendant was negligent in performing the surgery and that defendant had failed to gain her informed consent for the operation. As part of her negligence claim against defendant, plaintiff also asserted that defendant was negligent in recommending the surgery.

After a trial before a jury, a verdict was returned in favor of defendant on all counts. The plaintiff thereafter filed a motion for a new trial. In a written decision filed on July 16, 1999, the trial justice denied plaintiff's motion on the count alleging negligent performance of surgery. However, she granted a new trial on the allegations of negligent recommendation of surgery and lack of informed consent. The defendant appealed.

In passing upon a motion for a new trial, the trial justice acts as a " 'thirteenth juror' in that he [or she] makes an independent appraisal of the evidence in the light of his [or her] charge to the jury." *Kurczy v. St. Joseph Veterans Association, Inc.*, 713 A.2d 766, 770 (R.I.1998) (quoting *State v. Doctor*, 690 A.2d 321, 329 (R.I. 1997)). In so doing, the trial justice can weigh the evidence, assess the witnesses' credibility, reject some evidence and draw reasonable inferences from the testimony and evidence in the record. *Kurczy*, 713 A.2d at 770. "This Court will affirm a trial justice's decision on a motion for a new trial as long as the trial justice conducts the appropriate analysis, does not overlook or misconceive material evidence, and is not otherwise clearly wrong." *Morrocco v. Piccardi*, 674 A.2d 380, 382 (R.I.1996) (per curiam).

On appeal, defendant first argued that the trial justice was clearly wrong in granting a new trial on plaintiff's assertion that defendant negligently recommended surgery. He contended that the trial justice overlooked the testimony of his expert witnesses, who said that cataract surgery was warranted. We disagree.

The trial justice conducted a thorough analysis of the evidence in a thirteen-page written decision. After reviewing the medical records of defendant and the conspicuous dearth of documentation of plaintiff's vision complaints in those records,[2] the trial justice found that plaintiff

1. Subsequent repair surgery, performed by a different physician, did not restore vision in plaintiff's eye.

2. The defendant produced only one medical record indicating that plaintiff complained of glare, difficulty driving and night blindness. The trial justice suggested that the reliability

had no preoperative complaints concerning the vision in her left eye. In light of this evidence, the trial justice concluded that defendant's assertion that plaintiff complained of vision problems was unworthy of belief. Finally, she accepted the undisputed testimony of plaintiff's expert witnesses that the mere presence of a cataract does not justify surgery. Therefore, the trial justice was neither clearly wrong, nor did she overlook or misconceive material evidence in granting a new trial on the claim of negligent recommendation of surgery.

The defendant next contended that the trial justice was clearly wrong in granting a new trial on plaintiff's allegation that defendant failed to obtain plaintiff's informed consent to the surgery. In reaching this conclusion, the trial justice reasoned that plaintiff could not have given informed consent because defendant never advised her that surgery is appropriate only when the cataract causes visual problems or interferes with a patient's lifestyle. The defendant did not take issue with this rationale; rather, he argued that plaintiff's alleged desire to have "perfect vision" in her left eye justified the surgery.

■■■ Under the doctrine of informed consent, a physician must communicate to a patient "the material risks associated with and the viable alternatives to a recommended surgical procedure." *Flana-*

of the information contained in the document was questionable, however. The medical form was completed on the eve of operation, a full eight days after he last met with plaintiff. Furthermore, a different version of the

*gan v. Wesselhoeft,* 712 A.2d 365, 371 (R.I. 1998). To recover under this doctrine, a plaintiff must also prove that if he or she had been informed of the material risks and alternative methods of treatment, he or she would not have consented to the procedure. *Wilkinson v. Vesey,* 110 R.I. 606, 628–29, 295 A.2d 676, 690 (1972). Here, the trial justice was not clearly wrong in concluding that defendant failed to apprise plaintiff of viable alternatives. He did not advise plaintiff that cataract surgery would be justified only if she were experiencing vision loss or detrimental effects on her lifestyle. Additionally, it was not error to find that plaintiff would have chosen to forgo surgery had she been so advised. Therefore, the trial justice was not clearly wrong in granting a new trial on the issue of informed consent.

For these reasons, we deny and dismiss the appeal and affirm the judgment of the Superior Court, to which the papers of the case may be returned.

Justice GOLDBERG did not participate.

Pre–Surgical Evaluation form existed, with no indications of complaints.